# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-412V
Filed: July 21, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEBRA BOSTWICK-KENKEL,

       Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Damages Decision Based on Proffer;
Influenza;
Shoulder Injury; SIRVA;
Special Processing Unit ("SPU")

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

      On March 31, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that after receiving a flu vaccination on October 6, 2014, she developed severe left shoulder pain caused in fact by the vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On June 14, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On July 20, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $100,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioner, Debra Bostwick-Kenkel.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBRA BOSTWICK-KENKEL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) | **No. 16-412V** <br> **Chief Special Master Dorsey** <br> **ECF** |

## PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $100,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $100,000.00, in the form of a check payable to petitioner.  Petitioner agrees.

                                              Respectfully submitted,

                                              BENJAMIN C. MIZER
                                              Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division


/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138


Dated:   July 20, 2016